Argued and submitted February 27,
affirmed April 7, reconsideration denied May 15,
petition for review denied July 8, 1980 (289 Or 337)

## REIGER,
*Appellant,*

*v.*

## TOBY ENTERPRISES,
*Respondent.*

### (No. 50406, CA 14294)

609 P2d 402

James W. Walton, Corvallis, argued the cause for appellant. On the brief were Robert S. Gardner and Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Michael A. Lehner, Portland, argued the cause for respondent. With him on the brief were Donald E. Hershiser and Hershiser, Mitchell, Mowery & Davis, Portland.

Before Schwab, Chief Judge, Thornton and Campbell, Judges.

CAMPBELL, J.

**CAMPBELL, J.**

In this action based on strict liability in tort to recover damages for personal injuries, plaintiff appeals from a judgment entered by the trial court on a jury verdict for defendant. She assigns as error the trial court's refusal to give a requested instruction, the court's denial of her motion for a directed verdict, and the admission of certain evidence. We affirm.

At the time of her injury, plaintiff was employed at Smoke-Craft of Albany, a meat processing plant. Plaintiff was assigned to operate a meat slicer manufactured by defendant Toby Enterprises. The slicing machine has a 15-inch razor-sharp circular blade, which spins at a top speed of 450 rpm. At one point on the blade housing is an opening large enough for a person's fingers to enter and contact the blade. This opening serves no function in the operation or cleaning of the machine. As a result of meat discarded from the machine and water runoff from machine cleanings, the floor of the room in which the slicer was located was slippery. On May 24, 1976, while operating the machine, plaintiff slipped and, in an attempt to break her fall, grabbed for the meat slicer. Her right hand entered the opening in the blade housing and the tips of four fingers were severed.

Plaintiff's amended complaint alleged that the machine was defective and unreasonably dangerous due to (1) the opening in the slicer assembly, and (2) defendant's failure to give proper warning of the dangerous condition to Smoke-Craft or its employes.[1]

At trial, the major issues were whether at the time the slicer was originally shipped to Smoke-Craft, and later when the feed tray was modified, defendant shipped the guards designed to cover the aperture, and whether without a guard for that aperture the slicer was defective and unreasonably dangerous. The jury returned a general verdict for defendant.

---

[1] Plaintiff's second count alleged defendant's negligent design, manufacture, and sale of the slicer. This count was withdrawn before trial.

We first address the question of the admissibility of testimony on the lack of previous similar accidents to show that the slicer was not unreasonably dangerous. This case was brought under the strict liability theory of Restatement (Second) of Torts § 402A (1965).[2] Plaintiff was required to prove that the slicer is dangerously defective, that is, that it is a product "which a reasonable person would not put into the stream of commerce *if he had knowledge of its harmful character." Phillips v. Kimwood Machine Co.,* 269 Or 485, 492, 525 P2d 1033 (1974) (emphasis in original); *Wilson v. Piper Aircraft Corporation,* 282 Or 61, 577 P2d 1322 (1978). Strict liability imposes on the manufacturer constructive knowledge of the harmful nature of the product. *Phillips v. Kimwood Machine Co., supra.*

Plaintiff argues that since knowledge of the dangerous propensity of the slicer was imputed to defendant, no issue of foreseeability of harm arose and, therefore, the testimony on prior safe use was inadmissible. Safety in prior related situations is, however, admissible not only to show in a negligence case whether defendant was reasonably chargeable

---

[2] *Restatement (Second) Torts* § 402A (1965) states:

"(1)  One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a)  the seller is engaged in the business of selling such a product, and

"(b)  it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2)  The rule stated in Subsection (1) applies although

"(a)  the seller has exercised all possible care in the preparation and sale of his product, and

"(b)  the user or consumer has not bought the product from or entered into any contractual relation with the seller."

The courts of Oregon have accepted "premising liability on supplying a product which is 'unreasonably dangerous.'" *Allen v. The Heil Company,* 285 Or 109, 118, n. 5, 589 P2d 1120 (1979). *See Heaton v. Ford Motor Co.,* 248 Or 467, 470, 435 P2d 806 (1967), "adopting" § 402A.

with knowledge of a defective condition but whether the condition alleged was dangerous. *Quigley v. School Dist. 45J3,* 251 Or 452, 446 P2d 177 (1968). The Oregon Supreme Court has noted that the proof of "the frequency or infrequency of use of the same product with or without mishap" is relevant to proof of defective design. *Roach v. Kononen/Ford Motor Co.,* 269 Or 457, 466, 525 P2d 125 (1974), *quoting from Hoppe v. Midwest Conveyor Company, Inc.,* 485 F2d 1196, 1202 (8th Cir 1973). We hold that the trial court did not err in admitting the testimony on prior safe use.

Plaintiff contends that the trial court erred in refusing to instruct the jury that in the absence of a guard the slicer was dangerously defective.[3] Several witnesses testified that in their opinion the slicer without a guard was unreasonably dangerous. Ed Toby, vice president of Toby Enterprises, testified on cross-examination that without a guard on the slicer there was a danger that a person who stumbles or trips could accidentally place his hand in the aperture and contact the blade, and the purpose of the guard designed for the slicer was to protect against that danger. As noted above, there was also testimony on the absence of any prior accidents under similar conditions. Defendant elicited testimony from Smoke-Craft employes concerning warnings given by the employer to keep their hands away from the spinning blade and to turn the machine off and use a special spatula and hose for cleaning. Defendant introduced a placard sent by defendant to Smoke-Craft and mounted on the blade housing, which stated:

> "CAUTION. DO NOT ATTEMPT TO CLEAR, SERVICE, OR CLEAN THIS MACHINE UNLESS POWER IS DISCONNECTED AT MAIN SWITCH AND BLADE IS LOCKED."

---

[3] Plaintiff requested this instruction orally, in contravention of local court rules. Since the substance of the requested instruction is quite clear, *compare Diller v. Riverview Dairy,* 133 Or 442, 288 P 401 (1930), we will reach the merits of plaintiff's contention.

The issue whether a product is dangerously defective is ordinarily one for the jury. *E.g., Phillips v. Kimwood Machine Co., supra.* Among the factors which may be considered by a jury in determining whether a product is dangerously defective are:

"* * * * *

" 'The safety aspects of the product—the likelihood that it will cause injury, and the probable seriousness of the injury.

"* * * * *

" 'The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.' "

*Roach v. Kononen/Ford Motor Co., supra,* 269 Or at 464. We conclude that the evidence bearing on these factors introduced at trial was sufficient to raise a jury question on whether the slicer without a guard was unreasonably dangerous. The trial court, therefore, did not err in refusing to give the requested instruction and in submitting the issue to the jury.

Finally, we turn to plaintiff's argument that the trial court erred in refusing to direct a verdict for plaintiff on the question whether the slicer was unreasonably dangerous because of the inadequate warnings either on the machine or supplied by defendant to Smoke-Craft.

A failure to warn may make a product unreasonably dangerous. *Phillips v. Kimwood Machine Co., supra.* The adequacy of the warnings provided is, however, ordinarily a jury question, *see, Fulbright v. Klamath Gas Co.,* 271 Or 449, 533 P2d 316 (1975), which may depend on, *inter alia,* the obviousness of the danger, the user's anticipated familiarity with the dangers inherent in the product, and the nature of warnings and instructions given. *Fulbright v. Klamath Gas Co., supra; Phillips v. Kimwood Machine Co., supra.*

[684]

In an appeal from the denial of a motion for a directed verdict, the party opposing the motion is entitled to the benefit of all conflicts in the evidence as well as all favorable inferences that can reasonably be drawn therefrom. *Rice v. Hyster Co.,* 273 Or 191, 540 P2d 989 (1975). We recognize the general public awareness of the danger inherent in sharp cutting tools. There was also testimony at trial concerning instructions received by Smoke-Craft employes from their supervisors pertaining to safety practices to be followed while operating and cleaning the slicer. The warning placard supplied by defendant and placed on the slicer was in evidence. Further, Mr. Toby explained that since nearly all machines, including the guards, manufactured by defendant were in some respect custom-made for the purchaser, a more specific warning not to operate the machine without all guards in place would have been impractical for defendant and confusing to purchasers and users of the slicers.

We find that the above evidence was sufficient to raise a jury question on whether a reasonably prudent manufacturer with knowledge of the slicer's dangerous character would have given additional warnings as urged by plaintiff. The trial court did not err in denying plaintiff's motion for a directed verdict.

Affirmed.