Argued and submitted September 9, 1981, reversed
and remanded with instructions January 6, 1982

MATHISON et ux,
*Appellants,*
*v.*
The MASSART COMPANY,
*Respondent.*

(No. 25684, CA A20479)

638 P2d 484

Gale K. Powell, Bend, argued the cause and filed the briefs for appellants.

Gerald A. Martin, Bend, argued the cause for respondent. With him on the brief was Van Vactor, Francis & Martin, Bend.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiffs appeal from a directed verdict for defendant. The issue is whether plaintiffs, having pleaded only defendant's negligence in setting off explosives and having failed to offer any proof of negligence at trial, could recover on a theory of strict liability.

Plaintiffs' complaint read:

"I

"That during all times herein mentioned plaintiffs were and now are the contract purchasers and in possession of real property, with a residence thereon * * *.

"II

"* * * * *

"III

"That between the 19th day of March 1979 and the 13th day of April, 1979, defendant, while excavating in Lava Street and Florida Avenue in the City of Bend and adjacent to plaintiffs' residence for the installation of sewer lines, exploded large quantities of explosives.

"IV

"That said explosions, caused by defendant, thereby produced violent concussions and vibrations of the earth and air which shook the land and residence of plaintiffs and the air above and around them, caused great injury to the foundation of plaintiffs' residence and the whole superstructure, including its walls, windows, ceiling and chimneys.

"V

"That said explosions were negligently conducted by defendant so as to cause the results above-described, and without due care or consideration of the close proximity of residences, and in particular plaintiffs, to said blasting operation.

"VI

"That by reason of the foregoing, plaintiffs have been damaged in the sum of $5,500.00.

"WHEREFORE, plaintiffs pray for judgment against defendant in the amount of $5,500.00 together with plaintiffs' costs and disbursements incurred herein."

The case was tried to the court. At the close of the evidence, defendant moved for a directed verdict on the ground that there was no evidence of negligence. Plaintiffs argued that blasting is an ultra-hazardous activity and

that proof only that defendant's explosions damaged plaintiffs' property entitled them to recovery. When asked the effect of pursuing a strict liability theory when the case was pleaded "in" negligence, plaintiffs' counsel stated:

"I suppose we could move to amend Paragraph V, that said explosions conducted by defendant caused the results above; leave out the word 'negligence.'"

The court responded:

*"I won't allow you to completely change your theory at the end of a trial.* My question is really one as to whether you are bound to a negligence theory by reason of having pleaded it that way or show absolute liability under the posture of the pleadings." (Emphasis supplied.)

The court directed a verdict for defendant.

In a memorandum opinion, the trial court, relying on *Blake v. Webster Orchards,* 249 Or 348, 437 P2d 757 (1968), and *Gardyjan v. Tatone,* 270 Or 678, 528 P2d 1332 (1974), held that plaintiffs could not plead a negligence theory and recover on a theory of strict liability. Although *Blake* and *Gardyjan* did hold that plaintiffs in those cases could not plead negligence and recover for strict liability, those holdings do not apply to this case.

*Blake* was a products liability case. The complaint charged that the brush-cutter that injured plaintiff was negligently designed by defendant. The trial court nevertheless instructed the jury on a theory of strict liability. The Supreme Court reversed a judgment against the manufacturer and remanded the case for a new trial. It said that, even though it could find no prejudice to the defendant, if the plaintiff desired to allege two theories of recovery, it was necessary to allege them separately. 249 Or at 352-353. Significantly for our inquiry, however, the court concluded that the complaint did not *state a cause of action* for strict liability.[1]

In *Gardyjan,* the plaintiff alleged only that the defendant restaurant was negligent in serving unwholesome food, which allegedly caused his illness. Nevertheless, the trial court instructed the jury on breach of warranty. In

---

[1] The opinion does not make clear why the *plaintiff* was entitled to a new trial after the *defendant's* successful appeal.

reversing and remanding, the Supreme court held that plaintiff "brought" his case in negligence and, although he could have alleged a breach of warranty of merchantability or strict liability in tort, he did not do so. It stated that

"* * * to come within these *liberal* theories of strict liability the plaintiff must allege them in his complaint and give defendants notice of his cause of action." 270 Or at 680-681. (Emphasis supplied.)

Citing *Blake,* the court wrote that

"* * * without any showing of *specific prejudice,* it is reversible error to submit the case on a basis that was not pleaded * * * . 249 Or at 352-53." 270 Or at 681. (Emphasis supplied.)

In neither case did plaintiff "state a cause of action" for recovery for strict liability. We view plaintiffs' errors in *Blake* and *Gardyjan* not to have been their failure to *characterize* their cause of action as one in strict liability but their failure to allege all of the elements necessary for recovery under a theory of strict products liability.[2] The fact that defendants would not have tried the case differently had plaintiffs pleaded properly does not save an insufficient pleading. Notwithstanding the "rule" in *Blake* that alternative legal theories must be separately pleaded, the court has sometimes rejected its application when no prejudice to the defendant is shown *and* the pleadings alleged facts sufficient to support recovery under *some* other legal theory. In *Schroeder v. Schaefer,* 258 Or 444, 477 P2d 720, 483 P2d 818 (1971), the issue was whether plaintiff's action on a specific contract would allow recovery in *quantum meruit.* In holding that the pleadings and proof were sufficient for that recovery, the court stated,

"The purpose of pleadings is to give notice of the issues to be litigated so that appropriate defenses can be prepared. Therefore, in a situation in which no surprise or prejudice has been suffered by the opposing party, the unqualified and strict application of the rule [that an

---

[2] A pleading of strict products liability differs significantly from one of negligence. Under the former, one must plead, among other things, that (1) the defendant is engaged in selling or manufacturing the product, (2) the defendant expected the product to reach a user in the condition in which it was sold, and (3) the product was in an unreasonably dangerous condition. *See Allen v. The Heil Company,* 285 Or 109, 119 n 5, 589 P2d 1120 (1979), and *Reiger v. Toby Enterprises,* 45 Or App 679, 609 P2d 402 (1980).

action on a specific contract is insufficient to support a determination of reasonable value] would seem to be inappropriate." 258 Or at 465.

The court cited then ORS 16.660 (now embodied in ORCP 12):

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which do not affect the substantial rights of the adverse party." 258 Or at 465.

Similarly, in *Rogue River Management Co. v. Shaw,* 243 Or 54, 61, 411 P2d 440 (1966), where defendant's "allegations supported two theories but the evidence supported only one of them," defendant was nevertheless allowed to recover on a theory of recoupment, even though his pleading was denominated a counterclaim. The court relied on *Hanna v. Hope,* 86 Or 303, 168 P 618 (1917), for the proposition that, so long as the facts alleged and proved support recovery under a proper legal theory, a party is entitled to recover under that theory, even though he has mischaracterized it in his pleadings.

Although we can conceive of circumstances where a defendant's defenses would differ, depending on whether plaintiff proceeded under a theory of negligence or strict liability for an ultra-hazardous activity,[3] this is not such a case. On appeal, defendant does not dispute that plaintiff could have recovered on the proof made on a theory of strict liability if plaintiffs' complaint had been "properly framed." We take that to mean that defendant was not prejudiced by the characterization plaintiffs put on their claim. Plaintiffs pleaded all that was necessary (and more) for recovery under a theory of strict liability for engaging in an ultra-hazardous activity. *See Bedell et ux v. Goulter, et al,* 199 Or 344, 261 P2d 842 (1953). To deny recovery here because they pleaded more would exalt form over substance. Whether plaintiffs *proved* everything necessary for

---

[3] In some situations, whether an activity is ultra-hazardous may be an ssue. *See, e.g., Koos v. Roth,* 55 Or App 12, 637 P2d 167 (1981). Although the question is a matter of law to be decided by the court, *Loe et ux v. Lenhardt et al,* 227 Or 242, 362 P2d 312 (1961), it is not altogether clear whether the issue must be litigated in every case. *See McLane v. Northwest Natural Gas,* 255 Or 324, 467 P2d 635 (1970). At any rate, on the basis of *Bedell et ux v. Goulter, et al,* 199 Or 344, 261 P2d 842 (1953), we are persuaded that the pleadings here sufficiently alleged that defendant was engaged in an ultra-hazardous activity.

recovery cannot be determined on the record before us, because plaintiffs did not designate on appeal the transcript of the entire proceedings. Nevertheless, it was error to direct a verdict in defendant's favor. *See King City Realty v. Sunpace,* 291 Or 573, 633 P2d 784 (1981).

Reversed and remanded with instructions to vacate the judgment on the directed verdict.