Argued and submitted November 16, 1981, affirmed January 25, reconsideration denied March 23, petition for review denied June 2, 1982 (293 Or 190)

KAMMER,
*Respondent,*

*v.*

LAMB-GRAYS HARBOR CO., INC.,
*Appellant.*

(No. 24075, CA A20455)

639 P2d 649

Michael A. Lehner, Portland, argued the cause for appellant. With him on the briefs was Hershiser, Mitchell, Mowery, Olson, Gheen & Lehner, Portland.

Robert A. Bennett, Portland, argued the cause for respondent. With him on the brief was Willner, Bennett, Bobbitt & Hartman, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This is a products liability action. Defendant appeals from a judgment entered on a jury verdict awarding plaintiff damages of $231,044.24 on account of injuries received when struck by the "roll kicker" of a paper conveying machine manufactured by defendant. Defendant makes two assignments of error: (1) denying defendant's motion for a directed verdict; and (2) instructing the jury improperly pertaining to defendant's duty to warn users of the machinery.

The material facts may be summarized as follows.

Defendant manufactured and sold to plaintiff's employer, Boise-Cascade Company, a conveyor machine to move rolls of paper manufactured at Boise-Cascade's St. Helens plant. The machine was extremely complex and was computer-operated. Certain Boise-Cascade employes participated in designing the machine. It was installed by Boise-Cascade with the assistance of one of defendant's employes and was installed basically within the shipping department. The system was totally automated. The paper rolls come from paper machines located on a floor above the shipping department and are placed automatically on the conveyor system. The conveyor is on a straight line, except for one point where there is a 90 degree angle turn. It is here that the "roll kicker" is located. Its function is to kick the roll of paper from one part of the conveyor to the other. The roll kicker is electrically activated by solenoid switches as the roll passes an electric eye.

The shipping department crew consists of a console operator whose station is near the end of the conveyor system. The operator, through buttons located on the console at his station, starts and stops the conveyor and controls the electric power to the roll kicker. In addition, the operator feeds certain information into a computer concerning the roll of paper as it passes his station. At the end of the system, an employe known as a "header" runs the operation of wrapping the paper roll. From the conveyor system two employes ("truckers") remove the rolls with fork lift trucks and stack them within the shipping department. In addition to these four employes, there is the shipping department foreman. In the normal operation of

the system, no employe is on the conveyor system itself or near the area of the roll kicker. The system is totally automated except for removing the rolls from the conveyor to storage.

From time to time there were problems with the paper rolls falling in front of the kicker and lodging against the arm and the platform in such a manner that the kicker would not move the roll to the other conveyor. When this occurred, whoever was close by in the shipping department, most often a trucker, would first check with the console operator to see that the conveyor was shut off and the power to the roll kicker was off. An employe, and many times two because of the size and weight of the roll, would then get on the platform in front of the kicker and physically upright the roll. The system would then be restarted, and the roll would continue through the system.

Prior to plaintiff's accident, there were no accidents involving this operation. On May 22, 1977, plaintiff saw that a roll had fallen in front of the kicker. He and another trucker checked with the operator to see that the power was off to both the conveyor and kicker. They then got on the platform, one on each side of the roll. When they moved the roll, the kicker arm shot forward, catching plaintiff's right leg between the arm and the platform and producing what his physician described as an injury falling within "the most severe classification."

The only explanation of why the accident occurred on this occasion and not on others was that the roll had lodged against a cleat, and the kicker had not completely extended itself when it stopped. When the roll was released, built-up air pressure in the system caused the arm to shoot forward in the completion of its cycle.

It is clear from the evidence, and there is no dispute between the parties to this case, that the roll kicker, because it is pneumatically operated, when activated will go through its complete forward and back cycle even with the power off. To totally deactivate the machine requires that the air lines be bled through a series of valves.

We turn now to defendant's first assignment: did the trial court err in denying defendant's motion for a

directed verdict. Defendant argues as follows: that the evidence establishes that defendant provided plaintiff's employer with extensive instructions and safety precautions; that defendant conducted training seminars for plaintiff's supervisory employes and furnished the employer with five copies of a three volume operations manual; that defendant's duty to warn was satisfied as a matter of law by the warnings and directions given to plaintiff's employer; that if plaintiff was not informed about the dangers inherent in the use of defendant's product, the fault lies with plaintiff's employer; that the foregoing warnings and directions preclude a finding that defendant's product was unreasonably dangerous because of inadequate warnings. Defendant relies, *inter alia,* on *Schmeiser v. Trus Joist Corp.,* 273 Or 120, 540 P2d 998 (1975), where the court held that warnings given to plaintiff's employer satisfied defendant's duty to warn and that evidence on the issue of the inadequacy of defendant's warning was not sufficient to warrant submission of the case to the jury.

The thrust of plaintiff's answer to the above arguments is that defendant's evidence does not establish as a matter of law that defendant fulfilled its duty to warn of the hazards attendant upon the operation of the machinery, and that it was proper for the jury to determine whether the several warnings which defendant claimed it gave were adequate. Plaintiff also cites numerous authorities in support of his position.

■     Defendant's argument that its duty to warn was satisfied as a matter of law by the warnings and directions given to plaintiff's employer is untenable under the facts presented here, since there were disputed fact issues relating to the nature, content and extent of the warnings given by defendant. We conclude that under the evidence presented here the adequacy of the warnings was a jury question and that the trial court did not err in submitting that issue to the jury. *Phillips v. Kimwood Machine Co.,* 269 Or 485, 525 P2d 1033 (1974); *Reiger v. Toby Enterprises,* 45 Or App 679, 609 P2d 402, *rev den* 289 Or 337 (1980).

■     Defendant's second assignment is directed to an instruction to the effect that a distinction must be made

between directions and warnings in determining whether defendant adequately advised the purchaser of the dangers inherent in the use of the machinery.[1] Defendant argues that in determining this question the jury should consider all information given to plaintiff's employer for instruction of its employes; that the jury instruction given was misleading since it is not determinative that the buyer's knowledge was obtained by virtue of warnings or directions; and that the instruction in effect told the jurors that they could not consider evidence of directions given by defendant to plaintiff's employer.

Plaintiff answers the above, first, by claiming that defendant did not object to that portion of the court's instruction which defendant contends on appeal required the jury to find that it had a duty to give warnings directly to an employe. Assuming *arguendo* that defendant's objection to the instruction was sufficient, we conclude that considered as a whole the instruction was not misleading. It informed the jury that there was a distinction between mere directions and warnings, which was proper, *see Schmeiser v. Trus Joist Corp, supra,* and, further, that the jury was to determine if the warnings given were adequate under the circumstances. In addition the jury was, at *defendant's* request, specifically instructed that "a manufacturer's or seller's duty to warn is satisfied by warnings

---

[1] The challenged instruction was as follows:

"If you decide that a reasonably prudent manufacturer with knowledge of its product's dangerous propensities would not have placed this machinery with a pneumatically operated roll kicker on the market without an adequate warning, you must then decide whether defendant gave a warning at all and, if so, whether such a warning was adequate as to the plaintiff.

"In deciding whether the warning was giving — was given at all, a distinction must be made between directions and warnings. Directions go to the effective use, while warnings go to the safe use. A warning must be fair and adequate to the end that the user, by the exercise of reasonable care on his own part, shall have a fair and adequate notice of the possible consequences of use or even misuse.

"Even if you find that a warning was given, it must be such as would reasonably be expected to reach and be understood by the user.

"In summary, you must decide whether the defendant gave warning of the possible dangerous consequences to people working or being on the area in front of the roll kicker and if there was such a warning whether the warning was such that it would reasonably be expected to be — .to be received and understood by the plaintiff."

of danger provided to a purchaser of the product or the purchaser's supervisory personnel." Here again, assuming *arguendo* that defendant's objection was sufficient, the foregoing instruction adequately put forward defendant's theory of the case.

Affirmed.