DRAKE ET AL., APPELLEES, *v.* CATERPILLAR TRACTOR COMPANY; C.T. CORPORATION SYSTEM, APPELLANT.

[Cite as Drake *v.* Caterpillar Tractor Co. (1984), 15 Ohio St. 3d 346.]

(No. 83-1770—Decided December 31, 1984.)

*Michael F. Colley Co., L.P.A., Mr. Michael F. Colley* and *Mr. Dana A. Deshler,* for appellees.

*Crabbe, Brown, Jones, Potts & Schmidt, Mr. Charles E. Brown, Mr. Vincent J. Lodico* and *Mr. John J. Buchan,* for appellant.

*Per Curiam.* The issue presented by this appeal is whether the comment in closing argument which referred to evidence admitted solely for impeachment purposes as if the evidence were admitted on the substantive issue in the case constitutes reversible error. We hold that, under the circumstances presented herein, a new trial is warranted.

The general rule is that counsel in closing argument may comment upon evidence adduced at trial. However, it is improper for counsel to comment on evidence which was excluded or declared inadmissible by the trial court or otherwise make statements which are intended to get evidence before the jury which counsel was not entitled to have the jury consider. In the context of misconduct of counsel in opening statement, this court stated in *Maggio* v. *Cleveland* (1949), 151 Ohio St. 136 [38 O.O. 578], at paragraph two of the syllabus:

"Counsel should be accorded latitude by the trial court in making his opening statement, but when he deliberately attempts to influence and sway the jury by a recital of matters foreign to the case, which matters he knows or ought to know cannot be shown by competent or admissible

evidence, or when he makes a statement through accident, inadvertence or misconception which is improper and patently harmful to the opposing side, it may constitute the basis for ordering a new trial or for the reversal by a reviewing court of a judgment favorable to the party represented by such counsel.''

In our view, the holding in *Maggio, supra,* applies equally to closing arguments. See, also, *Snyder* v. *Stanford* (1968), 15 Ohio St. 2d 31, 34-35 [44 O.O.2d 18]; 53 Ohio Jurisprudence 2d (1962) 180, Trial, Section 266; 75 American Jurisprudence 2d (1975) 331-332, Trial, Section 253. Cf. *State* v. *Liberatore* (1982), 69 Ohio St. 2d 583 [23 O.O.3d 489]; *State* v. *Smith* (1984), 14 Ohio St. 3d 13; and *State* v. *Jenkins* (1984), 15 Ohio St. 3d 164. Furthermore, DR 7-106 of the Code of Professional Responsibility states in part:

''(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

''(1) State or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence.''

In the case at bar, the trial court made it abundantly clear that evidence of the tractor's safety history was not admissible to establish the absence of a design defect.[1] Nevertheless, appellant's counsel referred to the tractor's safety history as if it had some impact on whether the tractor was defectively designed. Although the safety history was permitted to be a subject of cross-examination for impeachment purposes only,[2] we agree with the court of appeals that appellant's counsel's closing argument is not directed at the credibility of any of appellees' witnesses but rather at the central issue in the case, *i.e.,* whether there was a design defect that caused appellee's injuries. For that reason, we find such closing argument to be improper.

Moreover, the trial court merely ''noted'' appellees' objection to the improper statements and failed to give an immediate curative instruction. Given the fact that the jury may well have utilized evidence in reaching its verdict that was inadmissible on whether the product was defectively designed, we are not satisfied to a sufficient degree that the jury's verdict would have been the same in spite of the improper closing argument. As we stated in *O'Brien* v. *Angley* (1980), 63 Ohio St. 2d 159, 164-165 [17 O.O.3d 98], quoting from *Hallworth* v. *Republic Steel Corp.* (1950), 153 Ohio St. 349 [41 O.O. 341], paragraph three of the syllabus:

'' 'Generally, in order to find that substantial justice has been done to an appellant so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect

---

[1] Appellant does not challenge the trial court's ruling in this regard. We will assume, for purposes of this decision, as did the court of appeals, the correctness of that ruling.

[2] Evid. R. 105.

of those errors but also determine that, if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision.' "

We agree with the conclusion reached by the court of appeals that, "[i]n light of the complex, technical, and voluminous nature of the evidence and the likewise, complex instructions given at trial, the lack of prior accidents consideration by the jury may well have been utilized in rejecting * * * [appellees'] theory of liability."

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN and HOLMES, JJ., concur in judgment.

HOLMES, J., concurring in judgment. In a products liability case, the matter of prior safety history, inclusive of prior accidents, or absence of prior accidents, relating to a certain product should be admissible if emphasis is placed upon and shown that all such evidence pertains to a similar product. *McKinnon* v. *Skil Corp.* (C.A. 1, 1981), 638 F. 2d 270; *Wojciechowski* v. *Long-Airdox Div. of Marmon Group, Inc.* (C.A. 3, 1973), 488 F. 2d 1111; *Hoppe* v. *Midwest Conveyor Co.* (C.A. 8, 1973), 485 F. 2d 1196; *Sturm* v. *Clark Equipment Co.* (W.D. Mo. 1982), 547 F. Supp. 144; *Caldwell* v. *Yamaha Motor Co., Ltd.* (Wyo. 1982), 648 P. 2d 519; *Reiger* v. *Toby Enterprises* (1980), 45 Ore. App. 679, 609 P. 2d 402. See, also, McCormick, Evidence (3 Ed. Cleary Ed. 1984) 591-592, Other Accidents and Injuries, Section 200, wherein it is stated:

"* * * However, the possibility that a very general safety record may obscure the influence of an important factor merely counsels for applying the traditional requirement of substantial similarity to evidence of the absence as well as the presence of other accidents. When the experience sought to be proved is so extensive as to be sure to include an adequate number of similar situations, the similarity requirement should be considered satisfied.

"* * *

"Consequently, few recent decisions can be found applying a general rule of exclusion. A large number of cases recognize that lack of other accidents may be admissible to show (1) absence of the defect or condition alleged, (2) the lack of a causal relationship between the injury and the defect or condition charged, (3) the nonexistence of an unduly dangerous situation, or (4) want of knowledge (or of grounds to realize) the danger."

Here, the trial court excluded evidence relating to the prior safety history of Caterpillar's sideboom tractor other than for purposes of im-

peachment of expert testimony. In my view, there should have been no such exclusion. However, appellant did not appeal such issue to the court of appeals, but only addressed the issue of the alleged improper argument by counsel relating to the safety history. There was no direct evidence by either party on the safety history of the product, and the only reference to such was by way of cross-examination where both parties exacted a modicum of commentary concerning the prior safety history of the equipment — neither commentary being sufficient in my view to support either the presence or the absence of a propensity for accidents of such machine.

I believe this to be a very close case when one measures the specific language of counsel's closing argument as against what was adduced upon cross-examination of the experts of the parties. However, I conclude, as did Judge Stephenson of the court of appeals, that under the circumstances the jury should not have been allowed to draw inferences from the nonproduction of evidence by the opponent. The appellant should have adduced its own direct evidence upon the prior safety history of the product.

Accordingly, I would affirm the judgment of the court of appeals.

W. BROWN, J., concurs in the foregoing opinion.