OPINION
Plaintiff-appellant, Colleen R. Wilhoite, appeals her award of damages by a jury in a personal injury case and the decision of the trial court denying her motion for a judgment notwithstanding the verdict, additur and a new trial. For the reasons that follow, we affirm the decision of the trial court.
Appellant and her ten-year-old daughter, Ashley, were returning home on southbound interstate highway 71 after spending a day at the Beach Water Park. Appellant was driving her 1989 Chevrolet Celebrity station wagon. Ashley was seated in the rear of the vehicle.
Michael Kast was immediately behind appellant's vehicle, driving an eleven-passenger van. Kast, a junior high school youth minister for Southeast Christian Church, was transporting members of a youth group from an outing at the Beach. Traffic began to slow on the highway. Kast attempted to slow the van, but was unable to timely do so. The church van struck appellant's vehicle.
Appellant and her daughter were taken to a local hospital, where they were treated and released. Neither Kast nor any of the passengers in the van were injured.
Appellant then embarked on a four-year course of treatment for injuries she alleged were caused by the accident. Appellant's treatment included at least three surgeries, and the services of seven physicians and two physical therapists. Even after undergoing physical therapy and the surgeries, appellant continued to maintain that she had sharp pains and numbness throughout most of her body. Appellant alleged that the accident caused her to be permanently disabled.
Appellant filed suit against Kast and Southeast Christian Church. She sought recovery for her past and future medical bills, pain and suffering, disability and lost earning capacity. The trial court granted partial summary judgment to appellant, noting that Kast, an agent of Southeastern Christian Church, was negligent and that his negligence caused harm to appellant.
The case went to trial before a jury on the issues of damages and proximate cause. Although appellant sought approximately $1,800,000 in damages, the jury awarded her $66,019. Ten days after the discharge of the jury, appellant moved the trial court for a judgment notwithstanding the verdict, additur or a new trial. In support of her motion, appellant argued that there were internal inconsistencies in the jury's answers to interrogatories accompanying the general verdict. In addition, appellant argued that the jury's award of damages was against the weight of the evidence and influenced by the misconduct of defense counsel.
The trial court denied appellant's motion. The trial court agreed that there was some ambiguity in the wording of an interrogatory. However, the trial court determined that the jury's answers to the interrogatories were consistent with each other and the general verdict. The trial court further noted that appellant assisted with the preparation of the interrogatories and could not complain about them post trial. The trial court concluded that the award was neither against the weight of the evidence nor a product of passion or prejudice. Judgment was entered for appellant in the amount awarded by the jury.
Appellant appeals the judgment of the trial court and raises seven assignments of error for review.[1]
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING PLAINTIFFS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
In her first assignment of error, appellant argues that the trial court erred by denying her motion for a judgment notwithstanding the verdict. Appellant presents three distinct issues in support of her assignment of error. First, appellant argues that the trial court should have granted her a judgment notwithstanding the verdict because the jury's answers to the interrogatories were "internally inconsistent." Second, she argues that the jury's award of damages was against the weight of the evidence. Third, appellant maintains that the defense counsel engaged in misconduct that misled the jury and caused it to act out of passion and prejudice. We will address each issue in turn.
Motions for judgments notwithstanding the verdict are governed by Civ.R. 50(B). The standard for granting such a motion is the same as the standard for a motion for a directed verdict. Nickell v. Gonzalez
(1985), 17 Ohio St.3d 136, 137, citing Ayers v. Woodard (1957),166 Ohio St. 138, paragraph one of the syllabus. In considering a judgment notwithstanding the verdict, the evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made. Osler v. Lorain (1986), 28 Ohio St.3d 345, 347. Where there is substantial, competent evidence upon which reasonable minds may reach different conclusions, the motion must be denied. Id. "Neither theweight of the evidence nor the credibility of the witnesses is for thecourt's determination * * *." Id. quoting Posin v. A.B.C. Motor CourtHotel (1976), 45 Ohio St.2d 271, 275. (Emphasis in original.)
Appellant first argues that the trial court erred by denying her motion for judgment notwithstanding the verdict because the jury's answers to interrogatories were internally inconsistent. The interrogatories accompanying the general verdict form were as follows:
 1.State the amount of damages in dollars that you have awarded to [appellant] for the medical and hospital expenses incurred by her to this date for the treatment of her injuries, if any, * * * directly and proximately caused by the Defendant's negligence, and that * * * is reasonable and necessary for [appellant]'s medical treatment. * * *.
 2. State the amount of damages in dollars that you have awarded to [appellant] for the medical and hospital expenses to be incurred by her in the future, if any.
 3. State the amount of damages in dollars that you have awarded to [appellant] for the pain and suffering experienced by [appellant] from the date of the collision up to the current date.
 4. State the amount of damages in dollars that you have awarded for the future pain and suffering, if any, that will be experienced by [appellant].
 5. State the amount of damages in dollars that you have awarded to [appellant] for the permanent disability experienced by her, if any, from the date of the accident to the present as evidenced by way of her inability to perform the usual activities of life such as basic mechanical bodily movements of walking, climbing, stairs [sic], driving a car, and so forth or by way of her inability to perform the usual specific activities which had given her pleasure during her lifetime.
 6. State the amount of damages in dollars that you have awarded to [appellant] for the future permanent disability experienced by her, if any, as evidenced by way of her inability to perform the usual activities of life such as basic mechanical bodily movements of walking, climbing, stairs [sic], driving a car, and so forth or by way of her inability to perform the usual specific activities which had given her pleasure during her lifetime.
7.[2]
 8. State the amount of damages in dollars that you have awarded to [appellant] for future lost earning capacity, if any, as the result of the collision that is the subject of this lawsuit[.]
 9. State the total amount of damages that you have awarded to [appellant] based on the above factors, sustained as a result of the collision that is the subject of this lawsuit.
The jury's response to each of the interrogatories was as follows:
1. $21,019.00
2. $15,000.00
3. $25,000.00
4. 0
5. $5,000.00
6. 0
7. —
8. 0
9. $66,019.00
Appellant maintains that there were three internal inconsistencies among the jury's responses. First, appellant argues that it was inconsistent for the jury to award damages for future medical needs in interrogatory two, but decline to award damages for future pain and suffering. Second, appellant asserts that the jury inconsistently denied an award for future permanent disability in interrogatory six, while awarding damages for past permanent disability in interrogatory five. Third, appellant argues that it was inconsistent for the jury to award damages for past permanent disability in interrogatory five and deny damages for future lost earning capacity.
When a jury's answers to interrogatories are inconsistent with each other or with a general verdict reached by the jury, the trial court must choose among the three options set forth in Civ.R. 49(B): (1) enter judgment in accordance with the interrogatory answers, (2) return the jury for further consideration of the interrogatories and the general verdict, or (3) order a new trial. See Colvin v. Abbey's Restaurant,Inc. (1999), 85 Ohio St.3d 535, paragraph one of the syllabus; Phillipsv. Dayton Power and Light Power Co. (1996), 111 Ohio App.3d 433, 446. The choice of one of these options is left to the sound discretion of the trial court. Colvin at paragraph one of the syllabus; Phillips at 447. However, where the interrogatories are internally inconsistent, the trial court is likely precluded from entering judgment in accordance with the interrogatory answers. See Phillips at 227.
An objection to inconsistent answers among interrogatories or between interrogatories and the general verdict is waived unless the party raises it before the jury is discharged. Avondet v. Blankstein (1997),118 Ohio App.3d 357, 368; Romp v. Haig (1995), 110 Ohio App.3d 643,647-48; Haehnlein v. Henry (1987), 41 Ohio App.3d 233, 234. The rationale for such a rule is clear and compelling. When a jury returns two inconsistent verdicts, a party can object, just as a party can object when a jury returns a verdict inconsistent with corresponding interrogatories. A trial court has a number of options at that time, including allowing the jury to deliberate further to clear up any ambiguities between interrogatories. However, if the objection is allowed after the jury is dismissed, the party has unnecessarily limited the court's options. If such objections were allowed, parties could circumvent the jury and engage in jury shopping merely by waiting to object until after the original jury is discharged. Romp at 647;Haehnlein at 234.
The record indicates that appellant did not object to the jury's answers to the interrogatories before the jury was discharged. Appellant did not alert the trial court to the alleged inconsistencies until filing her motion for judgment notwithstanding the verdict. By doing so, appellant has waived her right to object to any perceived inconsistencies in the jury's answers to the interrogatories. Accordingly, the trial court did not err by denying the motion on the basis of inconsistent interrogatories.[3]
Appellant next argues that the trial court erred in denying her motion because the jury's verdict was against the weight of the evidence. The standard for ruling on a motion for judgment notwithstanding the verdict, which appellant quoted in her appellate brief, expressly
precludes a court from considering the weight of the evidence. Civ.R. 50(B) ("[N]o verdict shall be rendered by the court on the ground that the verdict is against the weight of the evidence.") Since the purpose of interrogatories is to test the correctness of a general verdict,Colvin at 537, appellant is precluded from arguing that the interrogatories, and therefore the verdict, are against the weight of the evidence. Therefore, the trial court did not err in denying appellant's motion on the basis that the verdict was against the weight of the evidence.
Finally, appellant argues that the trial court erred in denying her motion because the misconduct of counsel led the jury to act out of passion and prejudice. During trial, defense counsel improperly cross-examined appellant's husband regarding a guilty plea to a charge of domestic violence. Apparently, appellant's husband pled no contest to the charge. Without explanation or analysis, appellant asserts that the improper cross-examination influenced the jury's responses to the interrogatories.
Generally, a judgment notwithstanding the verdict is an inappropriate remedy for misconduct of opposing counsel. See, e.g., Allen v. Summe
(May 17, 1993), Butler App. No. CA92-04-067, unreported. Rather, a trial court, in the exercise of its discretion, may grant a new trial if it determines that the jury's verdict was the result of passion or prejudice. Id.; Civ.R. 59(A)(4). Ultimately, where there is substantial, competent evidence upon which reasonable minds may reach different conclusions, a motion for judgment notwithstanding the verdict must be denied. Osler, 28 Ohio St.3d at 347.
While this court does not condone the improper question asked by defense counsel on cross-examination, this single incident of misconduct fails to meet the test for a judgment notwithstanding the verdict. There is substantial, competent evidence in the record upon which reasonable minds may reach different conclusions. Therefore, the trial court correctly determined that appellant's motion for judgment notwithstanding the verdict had to be denied. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GRANT PLAINTIFFS' MOTION FOR ADDITUR.
In her second assignment of error, appellant maintains that the trial court erred by overruling her motion for additur. Appellant argues that the jury's damage award is inadequate and against the manifest weight of the evidence.
Additur is the power of a trial court, with the consent of the parties, to increase the amount of an inadequate award of damages made by a jury as a condition of the denial of a motion for a new trial. Slivkav. C.W. Transport, Inc. (1988), 49 Ohio App.3d 79, 80. Additur cannot be granted without the defendant's consent because to do so would allow the court to arbitrarily usurp the role of the jury. Id. Kast and Southeastern Christian Church did not consent to additur in this case. Thus, the trial court did not err in denying the appellant's motion for additur. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING PLAINTIFFS' MOTION FOR NEW TRIAL.
In her third assignment of error, appellant argues that the trial court erred by denying her motion for a new trial. In a conclusory manner, appellant maintains that there are several bases on which the trial court should have granted a new trial. First, appellant argues that the damages awarded by the jury are "clearly" inadequate. Second, appellant argues that the jury's award is against the weight of the evidence. Third, appellant maintains that she was denied a fair trial because of the misconduct of opposing counsel.
Pursuant to Civ.R. 59(A), the trial court may grant a new trial to any party and on any issue upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
 (3) Accident or surprise which ordinary prudence could not have guarded against;
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 (5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
(7) The judgment is contrary to law;
 (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application[.]
In addition to the above grounds, a trial court has the discretion to grant a new trial for "good cause shown." Civ.R. 59(A). The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 rests in the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. Sharp v. Norfolk W. Ry. Co. (1995),72 Ohio St.3d 307, 312; Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant claims that she should have been granted a new trial under Civ.R. 59(A)(1), (2), (4), (5) and (6). It appears that appellant's list of grounds can be distilled to two distinct arguments. First, appellant contends that the award of damages is inadequate in comparison to the weight of her "unrebutted" evidence. Second, appellant argues that the misconduct of defense counsel "unfairly prejudiced the jury's thinking." For clarity, we will address each argument separately.
A reviewing court will not reverse a judgment as against the manifest weight of the evidence where some competent, credible evidence supports all of the essential elements of a case. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus. A new trial should be granted under Civ.R. 59 when a jury's award of inadequate damages resulted from its failure to consider an element of damages that was established by uncontroverted evidence. Pena v. Northeast Ohio EmergencyAffiliates, Inc. (1995), 108 Ohio App.3d 96, 104.
Evidence tending to prove a fact does not necessarily become uncontroverted or uncontested simply because an opposing party does not present rebuttal evidence. See, e.g., Collins v. Collins (Oct. 15, 2001), Clinton App. No. CA2000-09-023, unreported; Glick's Furniture v.Franklin Cty. Bd. of Revision (Mar. 18, 1997), Franklin App. No. 96APH07-847, unreported. A party may contest proffered evidence through cross-examination. See Stinson v. England (1994), 69 Ohio St.3d 451,455-56; Stancil v. Vasiloff (Sept. 26, 2001), Summit App. No. 20434, unreported. Further, when an opposing party does not rebut proffered evidence with its own evidence, the trier of fact is not required to accept the proffered evidence as credible. GTE North, Inc. v. Carr
(1993), 84 Ohio App.3d 776, 780, fn. 3; State v. Caldwell (1992),79 Ohio App.3d 667, 680. It is precisely the role of the trier of fact to weigh the testimony and credibility of witnesses, and resolve disputes of fact. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23.
Quite contrary to appellant's assertions, the evidence in this case was not uncontroverted or unrebutted. Nor was there any uncontroverted evidence that the jury failed to consider in its award of damages. The case went to trial so that the jury could determine which medical expenses were reasonable and necessary as a result of the auto accident, and whether appellant would have future medical expenses, pain and suffering or loss of earnings. Kast and the Southeastern Christian Church fiercely contested appellant's proffered evidence through effective cross-examination. Appellees, through the presentation of the deposition testimony of appellant's numerous doctors, effectively demonstrated to the jury that the appellant gave her doctors differing accounts of the accident and the injuries she sustained therefrom. It was the role of the jury to weigh the evidence and determine which witnesses were credible. There was competent, credible evidence in the record to support the jury's calculation of the damages. Accordingly, the trial court did not abuse its discretion by failing to grant appellant a new trial on the basis of inadequate damages.
A court shall not award a new trial on the basis of inadequate damages unless the moving party is able to establish that the verdict resulted from jury passion and prejudice such that the jury's assessment of the damages was damages "so overwhelmingly disproportionate as to shock reasonable sensibilities." Pena, 108 Ohio App.3d at 104. The size of a verdict, without more, is insufficient to prove passion or prejudice.Weidner, 98 Ohio App.3d at 334-35. There must be something significant in the record that the complaining party can point to that wrongfully inflamed the sensibilities of the jury. Shoemaker v. Crawford (1991),78 Ohio App.3d 53, 65. In order to determine whether passion or prejudice affected a damage award so as to warrant a new trial, a court must consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel or other improper conduct which likely influenced the jury. Pena, 108 Ohio App.3d at 104;Dillon, 72 Ohio App.3d at 774.
Appellant argues that there is a causal relationship between the improper question defense counsel asked her husband and the amount of damages awarded. Appellant posits that counsel's suggestion that her husband pled guilty to domestic violence unfairly prejudiced the jury's thinking.
The trial court concluded, and this court has no reason to disagree, that defense counsel acted inappropriately by asking appellant's husband if he pled guilty to domestic violence. However, we conclude that the remark did not inflame the sensibilities of the jury. Appellant's husband testified on direct examination that he threw a phone at appellant that hit her in the back of the head. Appellant and Ashley testified similarly. Defense counsel, based on hospital records, questioned appellant why she reported that she had been knocked unconscious by her husband and had fallen down a flight of stairs. Further, the inappropriate question occurred early in a trial, the transcript of which comprised nearly eight hundred pages. We agree with the trial court that it is impossible to see a nexus between this single inappropriate question, which was followed with a curative instruction from the trial court, and the jury's award of damages.
We also note that the trial court's written decision on appellant's motion for a new trial indicates that appellant had the choice between moving for a mistrial or accepting a curative instruction. Appellant apparently accepted the curative instruction, rather than moving for a mistrial. Under the invited error doctrine, appellant cannot now raise an error that she herself invited or induced the trial court to make.Center Ridge Ganley, Inc. v. Stinn (1987), 31 Ohio St.3d 310, 313. Since appellant chose to continue with the trial, she cannot complain now that the curative instruction was inadequate or that the improper question deprived her of a fair trial. The trial court did not err by failing to grant a new trial on the basis of defense counsel's misconduct. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO SUBMIT PLAINTIFFS' REQUESTED SPECIAL INTERROGATORIES NUMBERS ONE THROUGH EIGHT TO THE JURY.
In her fourth assignment of error, appellant argues that the trial court erred by failing to give to the jury the interrogatories and instructions that she submitted. Appellant claims that the language of the interrogatories was changed at the direction of the trial court and, to the extent that the revisions were confusing, she was prejudiced. Appellant admits that she did not object to the instructions or interrogatories before the jury retired to consider its verdict. Appellant also admits that there is no record reflecting the discussion of the interrogatories and instructions held in the trial judge's chambers.
Civ.R. 51(A) states, in relevant part:
 On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
A narrow exception to this general rule exists where the party unsuccessfully requests inclusion of a correct statement of the law in the jury instructions. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58,60-61.
Appellant admits that she did not object on the record to the jury instructions. In fact, appellant does not contend that she ever objected to the instructions. Rather, she asks this court to infer that she objected to the final instructions because she tendered a written request for instructions in accordance with Civ.R. 51(A) prior to the trial court's formulation of the final instructions and because there was a discussion in chambers.
The duty to provide a record of the trial court proceedings for review on appeal rests upon the appellant. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. When, as in this case, events transpire that were not captured on the record, appellant can meet her burden by other suitable alternatives for proper compliance with the appellate rules. See App.R. 9(C). In the absence of a complete and adequate record necessary for the resolution of an assignment of error, a reviewing court must presume the regularity of the trial court proceedings. Knapp at 199. A meaningful review of a trial court's decision must be based on the record before us, not mere conclusory assertions in an appellate brief. Without an adequate record, we will not infer that appellant objected to any portion of the jury instructions and presume the regularity of the proceedings. Appellant has waived the right to assign error to the instructions given by the trial court. Appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO SUSTAIN IN ITS ENTIRETY PLAINTIFFS' MOTION IN LIMINE RE: TREATMENT OF H. PAUL LEWIS, M.D.
In her fifth assignment of error, appellant argues that the trial court erred by overruling her motion in limine to exclude any evidence of whether the surgeries performed by one of her doctors were medically necessary.
A motion in limine is a tentative, preliminary or presumptive ruling, directed to the inherent discretion of the trial judge, about an evidentiary issue that is anticipated, but has not yet been presented in its full context. State v. Grubb (1986), 28 Ohio St.3d 199, 201. As such, any claimed error regarding a trial court's decision on a motion inlimine must be preserved at trial by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed. Id.; Gollihue v. Consolidated Rail Corp. (1997),120 Ohio App.3d 378, 388. The failure to object to evidence at the trial constitutes a waiver of any challenge, regardless of the disposition made on a preliminary motion in limine. Grubb at 201; Gollihue at 388.
Although the trial court overruled her motion, appellant failed to object to the introduction of the testimony at trial. Since appellant did not object at trial, she waived any challenge to the introduction of the testimony. Accordingly, appellant's fifth assignment of error is overruled.
Assignment of Error No. 6:
 THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING PLAINTIFFS' CHALLENGE FOR CAUSE OF PROSPECTIVE JUROR TAMMY KEANY.
Appellant's sixth assignment of error challenges the trial court's decision during voir dire not to disqualify a potential juror for cause. Appellant suggests that the venireman would not have been impartial and unbiased. The venireman was not selected to serve as a juror in the case because appellant exercised a peremptory challenge. However, appellant complains that the trial court's decision unfairly prejudiced her because it caused her to use her last peremptory challenge.
R.C. 2313.42 provides in relevant part:
 The following are good causes for challenge to any person called as a juror:
* * *
 (J) That he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court.
 Each challenge listed in this section shall be considered as a principal challenge, and its validity tried by the court.
The determination of whether a prospective juror should be disqualified for cause pursuant to R.C. 2313.42(J) is a discretionary function of the trial court and such determination will not be reversed on appeal absent an abuse of discretion. Berk v. Matthews (1990), 53 Ohio St.3d 161, syllabus.
In this case, the trial court had the opportunity to observe the demeanor of the prospective juror and evaluate firsthand the sincerity of her responses to questions. The venireman admitted during voir dire that she was a member of a religious denomination closely related to the Southeastern Christian Church and was concerned that the lawsuit was going to cause the church "to lose so much money that they can't have a church anymore." However, when asked if she could be fair and impartial when evaluating the testimony of the witnesses, she responded: "I'm an intelligent person. I'm sure I could do that." There is nothing apparent from the record that indicates that the venireman was incapable of being fair and impartial. We will not substitute our judgment for the sound exercise of the trial court's discretion. In addition, we also note that appellant was able to remove the venireman through the use of a peremptory challenge. Although it was appellant's last peremptory challenge, she does not allege that she was denied a fair and impartial jury, and there is nothing in the record to indicate otherwise. Appellant's sixth assignment of error is overruled.
Assignment of Error No. 7:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING PLAINTIFFS [SIC] OBJECTION TO DEFENDANTS [SIC] ASSERTION DURING CLOSING ARGUMENT THAT IT HAD NOT HIRED A DEFENSE MEDICAL EXPERT.
In her seventh assignment of error, appellant alleges that the trial allowed defense counsel to engage in misconduct by making a misleading statement during closing argument. The following exchange occurred during closing argument:
 [DEFENSE COUNSEL]: This litigation has been going on for years. The first thing that should be apparent to you is that we didn't pull any smoke and mirrors, we didn't hire any fancy experts to make up testimony that we thought you wanted to hear.
[COUNSEL FOR APPELLANT]: Objection, your honor.
 THE COURT: Overruled. It's based on the evidence presented. Proceed.
 [DEFENSE COUNSEL]: This is the most unusual of cases. Our entire defense is based on the witnesses that the Plaintiffs put on. * * * But I do want to take a little bit of time so that you folks can take a look at why we haven't presented expert witnesses other than the Plaintiffs' own, why we didn't hire an accident reconstructionist to pin speed and all of those things. * * *.
Appellant notes that she submitted to three independent medical examinations by experts at the request of appellees. Therefore, appellant argues that it was misleading for defense counsel to state during closing argument that they had not hired an expert.
Counsel is given wide latitude in closing arguments. Pang v. Minch
(1990), 53 Ohio St.3d 186, paragraph two of the syllabus. Counsel may argue all reasonable deductions and inferences from the evidence and may argue evidence of a witness' bias where evidence supports such an argument. See Clark v. Doe (1997), 119 Ohio App.3d 296, 307. However, counsel may not make arguments that are misleading or not supported by the evidence. Drake v. Caterpillar Tractor Co. (1984), 15 Ohio St.3d 346,347-348. The trial court is vested with discretion to assess whether the permissible bounds of closing argument have been exceeded, and such a determination will not be reversed absent an abuse of discretion.
We begin by noting that counsel's statement appears to be factually true. There is nothing in the record suggesting that counsel hired an expert to fabricate testimony. Indeed, appellant does not argue that counsel had done so. When the statement is viewed in the context of the entire closing argument, it is apparent that the statement is based on what occurred at trial. Defense counsel did not present any expert testimony. Instead, counsel highlighted the patent inconsistencies in the diagnoses of appellant's doctors, which had been precipitated in part by the variations in the stories she told them. In addition, defense counsel was able to contrast the evidence presented by appellant to show that most of her doctors believed that surgery was not necessary even though she was seeking compensation for surgery. Defense counsel's statement was not outside the permissible bounds of closing argument and was based on what occurred at trial. The trial court did not abuse its discretion by permitting the statement. Appellant's seventh assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] Appellant appeals both the jury's award of damages and the trial court's decision denying judgment notwithstanding the verdict, additur or a new trial. Attached to appellant's brief are two appendices: one containing the judgment entry on the jury verdict and the other composed of unreported case law. Conspicuously absent from appellant's appendices is the trial court's written decision denying appellant's motion. We note that Loc.R. 11(E)(1) mandates that every appellant's brief "shall have appended thereto" a copy of "(a) The entry or order appealed from; (b) All entries or orders which form the basis of any assigned error; (c) All trial court * * * decisions or opinions explaining the basis for an entry or order in either (A) or (B) * * *. Failure to comply with this rule may result in an appellant's brief being stricken or dismissal of the appeal. See Loc.R. 11(H).
[2] For reasons that are not clear on the record, interrogatory number seven was intentionally omitted.
[3] Since we conclude that appellant has waived her right to object to the jury's answers to the interrogatories, we do not need to determine whether the answers were in fact inconsistent.