OPINION
The defendant/appellant, Karen Pelton dba Adult Family Extended Care Center ("the appellant"), appeals the judgment of the Seneca County Court of Common Pleas, Probate Division, granting summary judgment on behalf of the plaintiff/appellee, Ann Beaston ("Ms. Beaston" or "the appellee"). Based on the following, we reverse the decision of the trial court.
The relevant facts and procedural history of this case are as follows. Ms. Edna S. Falter died testate on April 6, 2000. Prior to her death, she drafted two wills. The second will, which is the subject of this dispute, was drafted on July 27, 1999. The document contained a clause that left the residuary of Ms. Falter's estate to "Extended Family Care, Bellevue, Ohio." This clause gave rise to the instant action.
Upon Ms. Falter's death, separate applications were made regarding each of her two wills. Ultimately, the second will was admitted to probate. Ms. Beaston subsequently filed a complaint, alleging (1) that the will was invalid because the testatrix lacked testamentary capacity and was under undo pressure and influence, and (2) that the residuary clause was invalid because the appellant was not a legal entity and thus lacked capacity to take under a will.
With the trial court's permission, the parties filed cross motions for summary judgment regarding the validity of the will's residuary clause. The trial court entered summary judgment on behalf of Ms. Beaston, holding that "Extended Family Adult Care" is not a legal entity and therefore lacked capacity to take under a will.
The appellant now appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court erred by failing to determine the intent of the testatrix and by concluding that Extended Family Adult Care and Extended Family Health Care Center are not one and the same intended beneficiary.
 The appellant contends that the trial court erred in its determination that no issue of material fact exists as to whether Extended Family Care Center was the intended beneficiary under the residuary clause of Ms. Falter's will. For the following reasons, we agree with the appellant.
In considering an appeal from the granting of a summary judgment, our review is de novo, giving no deference to the trial court's determination.[1] Accordingly, we apply the same standard for summary judgment as did the lower court.[2]
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.[3] The initial burden in a summary judgment motion lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.[4] Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.[5]
The appellant concedes that "Extended Family Adult Care, Bellevue, Ohio," as named in Ms. Falter's will, is not a business entity but, rather, merely the name of a place. However, the appellant argues that there is evidence to suggest that the testatrix actually intended the bequest to go to Karen Pelton dba Extended Family Adult Care Center, which the parties agree is a sole proprietorship and also a registered trade name.
It is well-settled that "[i]n the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator."[6] While the intention should be ascertained from the words contained in the will,[7] in construing those words, "the court should make every effort to give effect to every provision of the will and to reconcile any apparent inconsistency."[8] The appellee herein alleges that, even construing the evidence in the light most favorable to the appellant, there is no evidence that the testatrix understood the place where she lived, Extended Adult Family Care to be the same as Karen Pelton dba Extended Family Adult Care Center. Therefore, according to the appellee, reasonable minds could only conclude that the testatrix did not intend to benefit the appellant.
The concept of latent ambiguity is often applied when a question arises as to a testator's intent. A latent ambiguity is a defect which cannot be directly gleaned from the face of the instrument under consideration or the language used therein.[9]
 It arises when language is clear and intelligible and suggests but a single meaning, but some intrinsic fact or some extraneous evidence creates a necessity for interpretation or a choice between two or more possible meanings, as where the words apply equally well to two or more different subjects or things.[10]
 In the case at bar, the language of Ms. Falter's will suggests that she intended to leave the residuary of her estate to Extended Family Care, Bellevue, Ohio, the place where she spent the last years of her life. However, there is at least some extrinsic evidence to suggest that Extended Family Care, Bellevue, Ohio is a misnomer for the appellant, which is a sole proprietorship operating under a registered trade name.
It is a well-settled principle that extrinsic evidence may be admitted where there is a latent ambiguity in a will, arising out of extrinsic circumstances, to resolve the ambiguity and further the interpretation or application of the will.[11] Therefore, a gift will not fail where it is possible to show by means of admissible extrinsic evidence, or by the name used, that the beneficiary named in the will was a misnomer and that a legal entity, in this case the sole proprietorship, was the intended beneficiary.[12]
In order to win on her motion for summary judgment, the appellee was required to show that the latent defect in Ms. Falter's will could not be cured by means of extrinsic evidence. We find that the appellee does not set forth sufficient evidence to show that no issue of material fact exists regarding whether Karen Pelton dba Extended Family Adult Care Center was the intended beneficiary under the residuary clause. The difference between the name of the beneficiary in the will and the appellant's name amounts to one word. In fact, the only evidence that the appellee sets forth is cryptic testimony provided by Kenneth P. Fox, the scrivener of the testatrix's will. According to the appellee, when asked whether the testatrix understood what Extended Family Adult Care was, Mr. Fox responded, "I'm certain that she did not," and "[w]ell, she knew it was her home." While it may be a logical leap to conclude from this that Ms. Falter intended to leave her gift to a place rather than a business, it is an impermissible leap under our summary judgment standard. Construing the evidence in the light most favorable to the appellant, the nonmoving party herein, we cannot hold as a matter of law that the appellant was not the intended beneficiary under Ms. Falter's will.
The appellee also argues that, regardless of the testatrix's intent, a registered trade name cannot legally take under a will. We find this argument unpersuasive. According to R.C. 1329.01(1), "'[t]rade name' means a name used in business or trade to designate the business of the user and to which the user asserts a right to exclusive use." Thus, a trade name is no more than a name by which a business is called, to which the owner has exclusive rights. It has no bearing on the business' right to take under a will.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings not inconsistent with this opinion. If it is determined that the testatrix in the instant case intended to benefit Karen Pelton dba Extended Family Adult Care Center, then there is no legal reason why the gift would fail simply because Ms. Pelton's business is conducted under a registered trade name.
BRYANT and SHAW, JJ., concur.
[1] Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
[2] Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8, superseded on other grounds by Phillips v. DaytonPower Light Co. (l996), 111 Ohio App.3d 433.
[3] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-87.
[4] Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93.
[5] Civ.R. 56(C).
[6] Oliver v. Bank One, Dayton, N.A. (1991), 60 Ohio St.3d 32,34, citing Carr v. Stradley (1977), 52 Ohio St.2d 220, paragraph one of the syllabus.
[7] Id. at 34.
[8] Holmes v. Hrobon (1951), 93 Ohio App. 1, 16, reversed in part on other grounds by (l953), 158 Ohio St. 508.
[9] Conkle v. Conkle (1972), 31 Ohio App.2d 44, 51.
[10] Id.
[11] Id.
[12] See Strickler v. Courtright (1939), 63 Ohio App. 1, 5-6 (standing for the proposition that a gift to a corporation that is erroneously named in a will need not fail where it is possible to show that a true corporation was the intended beneficiary).