OPINION
{¶ 1} The defendant/appellant, Leo Geise, Administrator of the Estate of Todd M.Geise, appeals the judgment of the Putnam County Court of Common Pleas, granting summary judgment in favor of the plaintiff/appellee, Diane M. Bendele, Administrator of the Estate of Nathan Bendele. We hereby reverse the judgment of the trial court.
 {¶ 2} This case arises from a dispute regarding the ownership of a mobile home. The plaintiff, Diane M. Bendele ("the plaintiff" or "Ms. Bendele"), Administrator of the Estate of Nathan Bendele ("Mr. Bendele"), brought suit to have the decedent, Mr. Bendele, declared the lawful owner of a 1989 Fairmont Happy House mobile home. According to the complaint, the appellant's decedent, Todd M. Geise ("Mr. Geise"), purchased this mobile home from Norman Bair in 1997 for $13,900. Mr. Geise did not obtain title to the mobile home because Norman Bair disappeared.
 {¶ 3} The appellee's complaint alleged that Mr. Geise sold the mobile home to Mr. Bendele on October 12, 1999 but did not provide certificate of title at that time. In August of 1999, Mr. Geise authorized the filing of a complaint against Norman Bair in order to obtain certificate of title to the mobile home. Although the court authorized the issueance of a Certificate of Title to Mr. Geise, the Clerk of Courts declined to do so until back taxes on the property were paid. In order to facilitate the transfer of title, Mr. Bendele paid the taxes owing on the property. However, as of Mr. Geise's death on August 6, 2000, the court still had not transferred title to Mr. Geise. On March 16, 2001, the Clerk of Courts issued a Certificate of Title for the mobile home to the "Todd Geise Estate." This certificate was apparently in the possession of Mr. Bendele, whom the complaint asserts was also in exclusive possession of the mobile home from October 12, 1999 until his death on April 21, 2001.
 {¶ 4} The complaint alleges that the Mr. Leo Geise ("the appellant"), the administrator of Mr. Geise's estate, obtained a duplicate copy of the Certificate of Title to the mobile home and attempted to take possession of the property. Accordingly, the plaintiff/appellee brought suit to quiet title. The plaintiff then moved for summary judgment. In support of the motion, the plaintiff submitted an affidavit from Mark Grone, formerly the Chief Operations Officer for Ottoville Bank Company, the bank that handled the financing for the mobile home both for the sale from Mr. Bair to Mr. Geise and from Mr. Geise to Mr. Bendele. Attached to the affidavit were purported copies of checks written for the purchase of the home by Mr. Geise and, subsequently, by Mr. Bendele. The trial court granted the appellee's motion for summary judgment. The appellant now brings this timely appeal, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 5} "The trial court erred as a matter of law in granting summary judgment to Plaintiff, Diane M. Bendele, Administrator of the Estate of Nathan Bendele, deceased."
 {¶ 6} For his sole assignment of error, the appellant argues that the trial court erred in granting summary judgment for the appellee because the affidavit presented in support of the motion amounted to inadmissible hearsay. Based on the following, we agree with the appellant.
 {¶ 7} In considering an appeal from the granting of a summary judgment, our review is de novo, giving no deference to the trial court's determination.[1] Accordingly, we apply the same standard for summary judgment as did the lower court.[2]
 {¶ 8} Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.[3] The initial burden in a summary judgment motion lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.[4] Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.[5]
 {¶ 9} Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial.[6] The nonmoving party may not merely rely on the pleadings nor rest on allegations, but must set forth specific facts that indicate the existence of a triable issue.[7]
 {¶ 10} As previously noted, in support of the Motion for Summary Judgment the appellee offered the sworn affidavit of Mark Grone, who was the Chief Operations Officer for the Ottoville Bank Company between September 1992 and March 2001, along with supporting bank and court documents. In his affidavit, Mr. Grone attested that, through his position with the bank, he engaged in various transactions with Mr. Giese. Attached to the affidavit were copies of the notes obtained by both Mr. Geise and Mr. Bendele for purchase of the mobile home, along with copies of checks written to various parties to these transactions. The affidavit detailed transactions regarding the mobile home and explained the relevancy of those documents to the transactions in question.
 {¶ 11} The appellant claims that the statements contained in the affidavit are inadmissible because Mr. Grone does not sufficiently attest that he has personal knowledge of the matters contained in his affidavit, as required by Evid.R. 602, and that they do not fall under any exception to the hearsay rule. The appellee argues that the information contained in the affidavit and its supporting documents fall within the ambit of Evid.R. 803(6), which provides a hearsay exception for records of regularly conducted activity.
 {¶ 12} We turn first to the appellant's argument regarding the affiant's lack of personal knowledge. Civ.R. 56(E) requires that affidavits supporting motions for summary judgment be made on personal knowledge.[8] This is the same standard that is articulated in Evid.R. 602, which states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." "Personal knowledge" is "[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said."[9] An affidavit without an averment of personal knowledge must show personal knowledge specifically.[10]
 {¶ 13} In the first two paragraphs of Mr. Grone's affidavit, he states (1) "that between September, 1992 and March, 2001, he was a Cashier and Chief Operations Officer for The Ottoville Bank Company[,]" and (2) "that he was personally acquainted with the decedent Todd M. Geise * * *. In addition, he had various banking transactions with [Mr. Geise], in the ordinary course of business, prior to his death on August 6, 2000." Clearly, the affidavit in question does not specifically aver that the affiant's statements were based on personal knowledge. However, this Court held previously that personal knowledge may also be inferred from the contents of an affidavit.[11] In Beneficial Mortgage Companyv. Grover, we inferred that an affiant had personal knowledge of the facts contained in his affidavit where he stated that he was the manager of the bank that issued the note in question, that he had direct supervision of payments on the note and custody of all records respecting it, and where his signature appeared on the note as a witness.
 {¶ 14} The facts of this case vary greatly from those in Grover. The affidavit contains no averment that Mr. Grone participated in the transactions in question, nor can we infer that he did from the affidavit or its supporting documents. It stands to reason that, as the chief operations officer of a bank, Mr. Grone would have personal knowledge of much of the bank's business. In addition, he specifically stated that he engaged in some banking transactions with Mr. Geise. However, the affiant never states that he had direct supervision of the sale of the mobile home to Mr. Geise or to Mr. Bendele. His name appears nowhere on the notes in question. In fact, his signature can only be found on two of the many documents attached to the affidavit. The first document is a copy of a cashier's check drawn on Mr. Geise's account to Norman Bair in the amount of $13,900. This tends to support the affiant's statement that Geise purchased the mobile home from Bair for that amount. However, it does not support the affiant's assertions regarding the transaction between Mr. Geise and Mr. Bendele.
 {¶ 15} The affiant's signature also appears on a letter regarding the taxes owed on the mobile home. It states as follows: "Enclosed please find a check to pay the back taxes on the Norman Bair, Todd Geise and Nathan Bendele trailer. According to the recorder this should pay all back taxes plus the 2001 taxes. If you have any questions please call the bank." There is no copy of the check issued to pay the taxes, nor any mention in the letter to corroborate the affiant's assertion that Mr. Bendele paid these taxes. Accordingly, we find that the balance of the affidavit in support of summary judgment is not made on personal knowledge but amounts to hearsay. We note that although the portions of the affidavit supported by documents which bear the affiant's signature may be admissible for summary judgment purposes, they are insufficient to obviate any question of material fact.
 {¶ 16} We now turn to the appellee's argument that the statements contained in the Grone affidavit are admissible as a hearsay exception under Evid.R. 803(6). The rule reads as follows: "Records of regularlyconducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of the information or the method of preparation indicate lack of trustworthiness."
 {¶ 27} Mr. Grone's affidavit refers to the contents of the attached business records. It also purports to identify these records and states that, with the exceptions of notations on the documents, they were made in the course of the bank's regularly conducted business, as required by Evid.R. 803(6) and R.C. 2317.40. However, the affidavit does not detail how such records were prepared nor does the affiant state that he is either the person who made these records, the custodian of the records, or the person under whose supervision the records were made.[12]
Because the affidavit fails to show that it was made by a "person with knowledge" of the business records in question, it cannot fall within the ambit of Evid.R. 803(6).
 {¶ 28} Accordingly, the appellant's assignment of error is well-taken and is hereby granted.
 {¶ 29} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
 SHAW, P.J., and BRYANT, J., concur.
[1] Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
[2] Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8, superceded on other grounds by Phillips v.Dayton Power Light Co. (l996), 111 Ohio App.3d 433.
[3] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-87.
[4] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[5] Civ.R. 56(C).
[6] Dresher v. Burt, 75 Ohio St.3d at 293.
[7] Shaw v. J. Pollock Co. (1992), 82 Ohio App.3d 656, 659.
[8] State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.
(1994), 69 Ohio St.3d 217, 223.
[9] Black's Law Dictionary (7th Ed.Rev. 1999) 875. See, also, Weissenberger's Ohio Evidence (2002) 213, Section 602.1.
[10] Equitable Assurance Corp. v. Kuss Corp. (1984), 17 Ohio App.3d 136,138.
[11] Beneficial Mortgage Co. v. Grover (July 2, 1983), Seneca App. No. 13-82-41.
[12] See R.C. 2317.40.