This is an appeal from a Scioto County Common Pleas Court judgment. The jury found in favor of Norfolk and Western Railway Company, defendant below and appellee herein.
Vernon Conley, plaintiff below and appellant herein, raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT REFUSED TO REVERSE ITS JUDGMENT BECAUSE OF AN ERRONEOUS CONTENTION MADE BY APPELLEE'S COUNSEL IN THE OPENING STATEMENT AND NEVER PROVED BY THE EVIDENCE PRESENTED BY APPELLEE DURING THE TRIAL OF THIS MATTER."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT PERMITTED APPELLEE TO PRESENT EVIDENCE TO THE JURY OF A RELEASE SIGNED BY APPELLANT RELEASING APPELLEE FROM LIABILITY FOR AN INJURY SEPARATE AND DISTINCT FROM THE ONE AT ISSUE IN THE CASE BEING TRIED."
Our review of the record reveals the following facts pertinent to the instant appeal. On September 12, 1996, appellant filed an amended complaint against appellee asserting that as a result of his employment with appellee, he developed carpal tunnel syndrome. On June 29, 1998, and continuing through July 1, 1998, the trial court held a jury trial.
During appellee's opening statement, appellee advised the jury that the evidence would demonstrate that only ten claims for carpal tunnel syndrome had been filed with appellee at the time of appellant's retirement. Appellant did not object to the foregoing statement.
During appellee's cross-examination of appellant's expert witness, appellee posed hypothetical questions premised upon the assertion that appellee knew of only ten claims of carpal tunnel syndrome at the time of appellant's retirement. Appellant, again, did not object to appellee's hypothetical questions.
Appellee subsequently conceded that the evidence in the record failed to substantiate its assertion that at the time of appellant's retirement, only ten claims of carpal tunnel syndrome had been filed.
During appellant's closing argument, appellant attempted to rebut appellee's assertion that only ten claims for carpal tunnel syndrome existed at the time of appellant's retirement. Because no evidence existed to support appellee's assertion, however, the trial court instructed appellant not to discuss the matter. The trial court stated: "We talked about this. There have been statements and statements of counsel are not evidence and we talked about it and there was no evidence here about the claims."
Testimony also was presented that appellant had signed a release. Appellant did not object, and the trial court ruled that the issue of whether the release absolved appellee of liability for appellant's carpal tunnel syndrome claim would not be submitted to the jury. On July 9, 1998, the jury found in favor of appellee.
On July 16, 1998, appellant filed a motion for a new trial. In his motion, appellant requested a new trial because appellee's opening statement regarding the ten carpal tunnel syndrome claims and because the testimony concerning the release unduly prejudiced appellant's case. On August 28, 1998, the trial court overruled appellant's motion for a new trial. Appellant filed a timely notice of appeal.
Appellant's first and second assignments both concern the propriety of the trial court's judgment overruling his motion for a new trial. We will, therefore, address them together.
In his first and second assignments of error, appellant contends that the trial court erred by overruling his motion for a new trial. In particular, appellant asserts that the trial court should have granted his motion for a new trial because appellee's opening statement asserting that appellee knew of only ten claims at the time of appellant's retirement and the testimony relating to the release materially prejudiced his case.
Appellee argues that the trial court committed no error by overruling appellant's motion for a new trial. Appellee first notes that appellant failed to object to appellee's remark during opening statements. Appellee further asserts that appellant has failed to demonstrate how appellee's allegedly erroneous statement prejudiced his case. With respect to the testimony concerning the release, appellee also contends that appellant suffered no prejudice. Appellee notes that the trial court specifically determined that it would not submit the issue of the release to the jury.
Civ.R. 59 provides the framework for ruling on a motion for a new trial. In the case at bar, appellant appears to have based his motion for a new trial upon Civ.R. 59(A)(9). Civ.R. 59(A)(9) provides:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * * *
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
An appellate court may not reverse a trial court's decision regarding a motion for a new trial absent an abuse of discretion. Sharp v. Norfolk Western Railway Co. (1995),72 Ohio St.3d 307, 312, 649 N.E.2d 1219, 1223; Farmer v. MeigsCtr. Ltd. (Mar. 30, 1998), Meigs App. No. 96 CA 12, unreported. A trial court does not abuse its discretion by committing a mere error of law or of judgment. Rather, a trial court abuses its discretion when it acts in an unreasonable, arbitrary or unconscionable manner. Rohde v. Farmer (1970), 23 Ohio St.2d 82,87, 262 N.E.2d 685, 689; see, also, In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 566 N.E.2d 1181; Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, when applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. In re Jane Doe 1; Berk v. Matthews (1990),53 Ohio St.3d 161, 559 N.E.2d 1301; Buckles v. Buckles
(1988), 46 Ohio App.3d 102, 546 N.E.2d 950.
In the case sub judice, we find no abuse of discretion with the trial court's decision to deny appellant's motion for a new trial. With respect to the issue appellant raises in his first assignment of error, we conclude that appellant has failed to demonstrate that appellee's allegedly improper remark during opening statement concerning the ten claims of carpal tunnel syndrome warranted a new trial.
In Maggio v. Cleveland (1949), 151 Ohio St. 136,84 N.E.2d 912, paragraph two of the syllabus, the Ohio Supreme Court discussed allegedly improper remarks during opening statements as follows:
 "Counsel should be accorded latitude by the trial court in making his opening statement, but when he deliberately attempts to influence and sway the jury by a recital of matters foreign to the case, which matters he knows or ought to know cannot be shown by competent or admissible evidence, or when he makes a statement through accident, inadvertence or misconception which is improper and patently harmful to the opposing side, it may constitute the basis for ordering a new trial or for the reversal by a reviewing court of a judgment favorable to the party represented by such counsel."
See, also, Drake v. Caterpillar Tractor Co. (1984), 15 Ohio St.3d 346,347-48, 474 N.E.2d 291, 293.
In the case sub judice, no evidence exists that appellee's counsel deliberately and unfairly attempted to influence the jury. We note that appellant has failed to illustrate that appellee's counsel's remark was patently harmful to his case. Additionally, we note that the language in Maggio — that counsel's improper remark "may constitute the basis for ordering a new trial" — affords a trial court broad discretion in ruling on a motion for a new trial.
Moreover, our view of the record reveals that appellant did not timely object to appellee's statement, thus depriving the trial court of the opportunity to issue a curative instruction, if warranted. Generally, a litigant's failure to raise an issue in the trial court and properly preserve the issue for appellate review waives the litigant's right to raise that issue on appeal. See Shover v. Cordis (1991), 61 Ohio St.3d 213, 574 N.E.2d 457.
The record further reveals that during closing argument when appellant attempted to rebut appellee's remark concerning the ten claims, the trial court, in the presence of the jury, advised appellant's counsel as follows:
 "THE COURT: * * * There have been statements and statements of counsel are not evidence and we talked about it and there was no evidence here about the claims.
 [APPELLANT'S COUNSEL]: No there isn't. There is no evidence in the record other than [appellee's counsel's] statement, Your Honor.
 THE COURT: And statements of counsel [are] not evidence so we'll move on."
In addition to the foregoing curative statement, the trial court judge also instructed the jury that opening statements and closing arguments are not evidence. See, e.g., State v.Green (1998), 81 Ohio St.3d 100, 104, 689 N.E.2d 556, 559;State v. Davis (1991), 62 Ohio St.3d 326, 337, 581 N.E.2d 1362,1373. Consequently, we fail to see how appellee's counsel's allegedly erroneous remark made during opening statement warranted the granting of a motion for a new trial.
Turning to the issue appellant raises in his second assignment of error relating to the issue of the release, we likewise find that appellant has failed to demonstrate that the purportedly erroneous testimony concerning the release warranted a new trial. We believe that the trial court's decision not to submit the release issue to the jury negated any effect the testimony may have had on the jury. Appellant has not demonstrated that the trial court abused its discretion by overruling his motion for a new trial.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: ___________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.